IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 6 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01915-BNB

JEANNE PARRINO,
CHARLES BRUNO, JR., and
MICHAEL PARRINO,

    Plaintiffs,

v.

JOSEPH GAVALDON,
JOSEPH TAYLOR,
WILLIAM FRITSCHE, III,
MITCHELL MURRAY,
LINDY FROLICH, and
ROBERTA NIESLANIK,

    Defendants.

## ORDER OF DISMISSAL

    This matter is before the Court on the Prisoner Complaint (Doc. #1) and the amended and supplemental complaint (Doc. #4) filed by Plaintiffs, only one of whom is a prisoner. Michael Parrino is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Jeanne Parrino, who is Michael Parrino's mother, and Charles Bruno, Jr., reside in Piney Point, Maryland. Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Prisoner Complaint because Mr. Parrino is a prisoner and he is seeking redress from officers or employees of a governmental entity.

    The Court must construe the papers filed by Plaintiffs liberally because they are not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff[s] could prevail, [the Court] should do so despite the plaintiff[s'] failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for *pro se* litigants. *See id.*

Plaintiffs allege that Mr. Parrino was convicted in the District Court of Larimer County, Colorado, and that he currently is serving a sentence of eighty-eight years in prison. Plaintiffs further allege that Mr. Parrino's efforts to challenge the validity of his convictions in state court are ongoing and that an appeal from the denial of a postconviction motion currently is pending before the Colorado Court of Appeals. Plaintiffs assert four numbered claims for relief in the instant action asserting conspiracies among the Defendants to obstruct justice in Mr. Parrino's state court proceedings in violation of 42 U.S.C. § 1985(1), (2), and (3). Plaintiffs Jeanne Parrino and Charles Bruno, Jr., apparently also assert state law claims of fraud and breach of contract in connection with the conspiracy set forth in the first numbered claim for relief. Plaintiffs also refer to 42 U.S.C. § 1983 in the Prisoner Complaint, but the specific claims they assert all allege conspiracies in violation of § 1985. The named Defendants are Joseph Gavaldon, a private attorney who represented Mr. Parrino at trial; Joseph Taylor, a former Larimer County deputy district attorney who prosecuted the criminal case against Mr. Parrino; William Fritsche, an attorney appointed to represent Mr. Parrino in state court postconviction proceedings; Mitchell Murray, a Larimer County deputy district attorney; Lindy Frolich, director of the Colorado Office of the Alternate

Defense Counsel; and Roberta Nieslanik, regional director of the Colorado Office of the Alternate Defense Counsel.

Construing the Prisoner Complaint liberally, Plaintiffs assert the following claims for relief:

1. Defendants Gavaldon and Taylor obstructed the judicial process to defraud Jeanne Parrino and Charles Bruner, Jr., and breached a contract by conspiring to prohibit Mr. Parrino from pleading guilty in his criminal case in violation of 42 U.S.C. § 1985(2);

2. Defendants Gavaldon, Taylor, Fritsche, and Murray obstructed the judicial process to cover up the fraud and breach of contract of Defendants Gavaldon and Taylor by conspiring to sabotage Mr. Parrino's postconviction evidentiary hearing in violation of 42 U.S.C. § 1985(2);

3. Defendants Fritsche, Frolich, and Nieslanik obstructed the judicial process to secure an unconstitutional conviction and sentence by discriminatory conduct and conspiring to further an ongoing conspiracy among Defendants Gavaldon, Taylor, and Murray by covering up those Defendants' previous obstruction of the judicial process in violation of 42 U.S.C. § 1985(1), (2), and (3); and

4. Defendant Fritsche conspired with one or more of the named Defendants to obstruct the judicial process by deliberately sabotaging Mr. Parrino's postconviction evidentiary hearing in order to cover up previous obstruction of the judicial process and secure an unconstitutional conviction and sentence in violation of 42 U.S.C. § 1985(1), (2) and (3).

The specific relief Mr. Parrino seeks is a declaration "that the conduct of Defendants violated the Plaintiff's constitutional rights to due process and equal protection of the law under the Fourteenth Amendment to the United States Constitution" (Doc. #1 at 16) and "impartial 'administrative' relief from Defendants Lindy Frolich and Roberta Nieslanik" (Doc. #4 at 2). Jeanne Parrino and Charles Bruno, Jr., seek damages as relief.

Plaintiffs may not pursue their § 1985 conspiracy claims, or any claims they may

be asserting under § 1983, at this time in this action because those claims either implicate the validity of Mr. Parrino's sentence or require the Court to interfere with Mr. Parrino's ongoing efforts to obtain postconviction relief in the Colorado state courts. Plaintiffs' first claim implicates the validity of the sentence Mr. Parrino is serving because that claim is predicated on the existence of a conspiracy to prevent Mr. Parrino from entering a guilty plea in his criminal case that allegedly would have resulted in a sentence of only twenty-five years in prison. Plaintiffs' other claims arise out of the ongoing state court postconviction proceedings because those claims are predicated on the existence of conspiracies during the course of the state court postconviction proceedings, either to cover-up the earlier conspiracy or to sabotage Mr. Parrino's postconviction evidentiary hearing.

Plaintiffs' claim alleging the existence of a conspiracy to prevent Mr. Parrino from pleading guilty, which implicates the validity of Mr. Parrino's sentence, is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. However, the rule in *Heck* is not limited solely to claims for damages asserted under § 1983. *See Lawson v. Engleman*, 67 F. App'x 524, 525-26 (10th Cir. 2003) (applying *Heck* to bar claims for declaratory and injunctive relief under § 1983 and 1985). In short, a civil rights action filed by a state prisoner "is barred (absent prior

4

invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." **Wilkinson v. Dotson**, 544 U.S. 74, 81-82 (2005).

It cannot be disputed that Plaintiffs' § 1985(2) claim alleging the existence of a conspiracy to prevent Mr. Parrino from pleading guilty implicates the validity of the sentence he is serving. Plaintiffs Jeanne Parrino and Charles Bruner, Jr., also explicitly link their state law fraud and breach of contract claims to the alleged conspiracy to prevent Mr. Parrino from pleading guilty and, as a result, those claims also implicate the validity of the sentence Mr. Parrino is serving. It also is apparent that Mr. Parrino has not invalidated the validity of the sentence he is serving. Therefore, the Court finds that Plaintiffs' first claim is barred by the rule in **Heck** and must be dismissed. The dismissal will be without prejudice. **See Fottler v. United States**, 73 F.3d 1064, 1065 (10th Cir. 1996).

Plaintiffs' remaining claims under § 1985 alleging the existence of conspiracies during the course of the state court postconviction proceedings, either to cover-up the earlier conspiracy or to sabotage Mr. Parrino's postconviction evidentiary hearing, also must be dismissed. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. **See Younger v. Harris**, 401 U.S. 37 (1971); **Phelps v. Hamilton**, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a party must be facing an irreparable injury that is both great and immediate. **See Younger**, 401 U.S. at 46. Abstention is

appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." **Phelps**, 122 F.3d at 889.

The first condition is met because Plaintiffs allege that an appeal is pending before the Colorado Court of Appeals in Mr. Parrino's postconviction proceedings. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, it is not clear exactly what steps Mr. Parrino has taken to present his federal claims in state court. However, it is clear that Mr. Parrino fails to demonstrate the absence of an adequate opportunity to present his federal claims in the state proceedings. The fact that Mr. Parrino has not obtained the relief he seeks in state court does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Plaintiffs "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" **Phelps**, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). To establish extraordinary or special circumstances, Mr.

Parrino must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Furthermore, the exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted). Finally, it is Plaintiffs' "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Plaintiffs fail to demonstrate that Mr. Parrino will suffer any irreparable injury that is both great and immediate if the Court fails to intervene in the state court postconviction proceedings. Therefore, the Court finds that *Younger* abstention is appropriate in this action. If Mr. Parrino's conviction and sentence ultimately is upheld at the conclusion of the state court postconviction proceedings and he believes that his federal constitutional rights were violated in obtaining that conviction and sentence, he may pursue in federal court in an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 any claims for which state remedies have been exhausted. Accordingly, it is

ORDERED that the Plaintiffs' first claim for relief is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that Plaintiffs' second, third, and fourth claims for relief are dismissed without prejudice pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). It is

FURTHER ORDERED that "Plaintiff[s'] Motion to Have the Defendants Served with the Plaintiff[s'] Civil Rights Complaint by the United States Marshal Pursuant to Fed. R. Civ. P. 4(c)(3)" (Doc. #5) filed on August 17, 2011, is DENIED as moot.

DATED at Denver, Colorado, this __26th__ day of __August__, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01915-BNB

Jeanne B Parrino and
Charles Bruner
45168 Lighthouse Rd
Piney Point, MD 20674

Michael Parrino
Prisoner No. 114094
Limon Correctional Facility
49030 Colorado 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 26, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk